ROGER M. MANSUKHANI (SBN: 164463)
JOAN C. WOODARD (SBN: 129710)
ELIZABETH A. O'BRIEN (SBN: 131964)
GORDON & REES LLP
655 University Avenue, Suite 200
Sacramento, CA 95825
Telephone: (916) 565-2900
Facsimile: (916) 920-4402
gacero@gordonrees.com

Attorneys for Defendants
DHR INTERNATIONAL, INC., CAROL HARTMAN,
CHRISTINE ABRAMS, GEOFFREY HOFFMANN (Erroneously sued as GEOFFREY HOFFMAN) and DOUGLAS BLACK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ADAM CHARLSON, an individual<br><br>              Plaintiff,<br><br>     vs.<br><br>DHR INTERNATIONAL, INC., a Delaware Corporation; CAROL HARTMAN, an individual; CHRISTINE ABRAMS, an individual; GEOFFREY HOFFMAN, an individual; DOUGLAS BLACK, an individual; and DOES 1-50, inclusive,<br><br>              Defendants. | CASE NO. C14-03041-PJH<br><br>**DEFENDANTS CAROL HARTMAN AND CHRISTINE ABRAMS, NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Honorable Phyllis J. Hamilton<br>Date: September 17, 2014<br>Time: 9:00 a.m.<br>Location: Courtroom 3, 3rd Floor<br>              1301 Clay Street<br>              Oakland, California |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** as soon as the matter may be heard in Courtroom 3 of the United States District Court for the Northern District of California located at 1301 Clay Street, Oakland, California, Defendants Carol Hartman ("Hartman") and Christine Abrams ("Abrams") will and hereby do move this Court for an Order dismissing the following causes of action contained in the Complaint on file herein by Plaintiff Adam Charlson ("Plaintiff") with prejudice: (1) the First Cause of Action for Defamation as to Hartman and Abrams; (2) the Second Cause of Action for Tortious Interference with Prospective Economic Advantage as to

-1-

1  Hartman and Abrams; (3) the Third Cause of Action for Negligent Interference with Prospective
2  Economic Relations as to Hartman and Abrams; (4) the Seventh Cause of Action for Intentional
3  Infliction of Emotional Distress as to Hartman and Abrams; (5) the Seventeenth Cause of Action
4  for Unlawful and Unfair Business Practices Under Business & Professions Code section 17200
5  as to Hartman.

6      The specific bases of this Motion are as follows: (1) the first cause of action for
7  defamation fails to state a claim upon which relief can be granted inasmuch as it lacks specificity
8  as to whether the defamatory statements were oral or written, the specifics of what was
9  communicated, when they were communicated, and to whom they were communicated; instead
10 Plaintiff incorporates conclusory allegations of the cause of action; (2) the second, third, seventh
11 and seventeenth causes of action for Tortious Interference with Prospective Economic
12 Advantage, Negligent Interference with Prospective Economic Relations, Intentional Infliction
13 of Emotional Distress and Unlawful and Unfair Business Practices Under Business &
14 Professions Code section 17200, respectively, fail because they all hinge upon the insufficient
15 allegations of Plaintiff's defamation cause of action.

16     This Motion is made pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), and is
17 based upon this Notice of Motion, the Memorandum of Points and Authorities attached hereto,
18 all the files and records in this case, and such further evidence and argument as may be adduced
19 at the time of the hearing on this Motion.

20 Dated: August 1, 2014                Respectfully submitted,

21                                        GORDON & REES LLP

23                                        By:  /s/ Joan C. Woodard
24                                            JOAN C. WOODARD
                                           Attorney for Defendants
25                                            DHR INTERNATIONAL, INC., CAROL
                                           HARTMAN,CHRISTINE ABRAMS,
26                                            GEOFFREY HOFFMANN and
                                           DOUGLAS BLACK

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff, Adam Charlson's ("Plaintiff") complaint contains 17 causes of against his former employer Defendant, DHR International, Inc.("DHR") and its employees. Five of the 17 causes of action allege claims against DHR employees Carol Hartman ("Hartman") and Christine Abrams ("Abrams"). The first cause of action for defamation against both Hartman and Abrams is devoid of specific information as to the words used, whether the statements are oral or written, and when and to whom they were made  The additional causes of action against Hartman and Abrams for tortious interference with prospective economic advantage, negligent interference with prospective economic relations and intentional infliction of emotional distress are based upon the conclusory allegations set forth in Plaintiff's first cause of action for defamation. Likewise, the seventeenth cause of action against Hartman for violation of California's Unfair Competition Law ("UCL") set forth in California Business & Professions Code section 17200 relies upon the conclusory allegations in the defamation cause of action. Inasmuch as Plaintiff fails to meet the pleading requirements of Rule 8[1] of the Federal Rules of Civil Procedure, and the pleading standard for defamation, Plaintiff's causes of action against Hartman and Abrams must be dismissed.

### II.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 24, 2014, DHR filed suit against Plaintiff in this court, case number case no. C14-01899-PJH. [#1][2] In that suit, DHR alleges Plaintiff, who while employed as Executive Vice President and Managing Director of DHR's West Coast operations, engaged in continuous and repeated acts of disloyalty and breaches of fiduciary duty toward DHR, including, but not limited to, disclosing confidential information, engaging in efforts to interfere with DHR's relationships with employees, and threatening to transfer the entire DHR West Coast staff to set

---

[1] All further references to "Rule(s)" are to the Federal Rules of Civil Procedure.
[2] "#" reference docket numbers.

1  up competition against DHR on the West Coast, before being terminated for cause on or about
2  April 6, 2014.
3      On May 28, 2014, Plaintiff filed this action in the San Francisco County Superior Court
4  alleging employment, tort and UCL claims against DHR and four of DHR's employees.  All
5  defendants, except Hartman and Abrams, answered the complaint.  Hartman and Abrams filed a
6  demurrer in state court.
7      On July 2, 2014 Defendants filed a notice of removal and accompanying papers to the
8  U.S. District Court for the Northern District of California.  [#1]  This Court issued an order on
9  July 9, 2014 relating the instant case to DHR's action against Plaintiff and assigned both cases to
10 the Honorable Phyllis J. Hamilton. [#5]

### III.

### SUBSTANCE OF THE ALLEGATIONS

While Plaintiff's complaint alleges a myriad of tort, contract, employment and UCL claims, 17 causes of action total, the focus of this motion is on Plaintiff's first, second, third, seventh and seventeenth causes of action which are pled against, amongst other defendants, Hartman and Abrams.  As to Hartman and Abrams, the First Cause of Action alleges the following:

> 97. In April and May of 2014, Defendants made at least the following defamatory statements to professionals in the executive search industry concerning Plaintiff:
>
> b. On information and belief, CAROL HARTMAN, CHRISTINE ABRAMS, DOES 1-5, in their own capacity and acting on behalf of DHR wrote or stated to personnel at Caldwell Partners that Plaintiff had been fired from DHR for stealing confidential information and/or breaching his fiduciary duty or duty of loyalty.

The Second Cause of Action for tortious interference with prospective economic advantage, incorporating the prior allegations in paragraph 104, alleges the following:

> 109. Defendants DHR, CAROL HARTMAN, CHRISTINE ABRAMS, and DOES 1-5 disclosed to Caldwell personnel that Plaintiff's employment had been terminated and that the termination was because Plaintiff "stole information" from DHR, both violating Plaintiff's right to privacy and defaming him.
>
> 110. By engaging in this conduct, Defendants DHR, CAROL HARTMAN, CHRISTINE ABRAMS, and DOES 1-5 intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur.

111.   Caldwell rescinded its offer to fly Plaintiff to Toronto to interview for a job after its CEO stated that he did not want the "drama" with DHR. Plaintiff did not receive an offer to return to work for Caldwell. The employment interviewing commenced a second time, only to have the second time again fail due to Defendants' DHR, CAROL HARTMAN, CHRISTINE ABRAMS, and DOES 1-5 interference.

113. Defendants' conduct in disclosing details of Plaintiff's separation from DHR was a substantial factor in Plaintiff's harm.

The Third Cause of Action, for negligent interference with prospective economic relations, incorporating the prior allegations in paragraph 115, alleges the following:

120.   Defendants DHR, CAROL HARTMAN, and CHRISTINE ABRAMS knew or should have known that disclosing to Caldwell personnel that Plaintiffs employment had been terminated and stating that the termination was a result of Plaintiff "stealing" from DHR would disrupt the relationship.

121.   Defendants DHR and CAROL HARTMAN disclosed to Caldwell personnel that Plaintiffs employment had been terminated and that the termination was because Plaintiff "stole information" from DHR, both violating Plaintiffs right to privacy and defaming him.

122.   Caldwell rescinded its offer to fly Plaintiff to Toronto to interview for a job after its CEO stated that he did not want the "drama" with DHR. Plaintiff did not receive an offer to return to work for Caldwell. The employment interviewing commenced a second time, only to have the second time again fail due to Defendants' DHR, CAROL HARTMAN, CHRISTINE ABRAMS, and DOES 1-5 interference.

The Seventh Cause of Action, incorporating the prior allegations in paragraph 142, alleges the following:

143.   Defendants' conduct in (sic) described herein, including discrimination, retaliation, defamation, and criminally withholding wages constitutes extreme and outrageous conduct.

144.   Defendants' conduct, as alleged herein, was intended to cause Plaintiff, or at the least, recklessly disregarded the probability that Plaintiff would suffer emotional distress.

In addition, the Seventeenth Cause of Action for violation of the UCL, incorporating the prior allegations in paragraph 195, alleges the following as to Hartman:

196.   This cause of action is brought pursuant to Business & Professions Code § 17200 et seq. Defendant's conduct detailed above constitutes unfair, unlawful, and/or fraudulent business practices within the meaning of Business & Professions Code § 17200.

197. Defendants' actions are unlawful business practices in that they constitute defamation, . . .

# IV.

# LEGAL ARGUMENT

### A. Motions to Dismiss Pursuant to Rule 12(b)(6) Are Appropriate, Where as Here, the Plaintiffs Have Failed to State Any Cognizable Ground for Relief

A motion made on any of the grounds enumerated in Rule 12(b) "must be made before pleading if a responsive pleading is allowed." [FRCP 12(b); see *Aetna Life Ins. Co. v. Alla Med. Services, Inc.* (9th Cir. 1988) 855 F2d 1470, 1474] In the Ninth Circuit, Rule 12(b) motions are timely if filed any time before the answer or other responsive pleading is filed. [*Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, *supra*, 855 F2d at 1474]

A Rule 12(b)(6) dismissal is appropriate where no cognizable legal theory is alleged or where there are insufficient facts to support a cognizable legal theory. *Gutierrez v. RWD Tech., Inc.*, 279 F. Supp. 2d 1223, 1224 (E.D. Cal. 2003); *Sebastian Intern., Inc. v. Russolillo*, 186 F. Supp. 2d 1055, 1062 (C.D. Cal. 2000). Furthermore, where a plaintiff alleges his claims in a conclusory fashion, the complaint is subject to a Rule 12(b)(6) motion. *Burger v. Kuimelis*, 325 F. Supp. 2d 1026, 1035 (N.D. Cal. 2004).

The court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); accord *Ashcroft v. Iqbal*, 556 U.S. at 662, 678 (2009)

### B. The First Cause of Action for Defamation Fails to State Grounds for Relief

To properly allege a claim for defamation, the plaintiff must identify the words that the defendant published in verbatim. "The general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint." *Vogel v. Felice*, 127 Cal.App.4th 1006, 1017, fn. 3 (6th Dist. 2005) (quoting *Kahn v. Bower*, 232 Cal.App.3d 1599, 1612 (1st Dist. 1991)). California courts have generally applied the libel standard to slander as

1. well. *Okun v. Superior Court*, 29 Cal. 3d 442 (1981)  General allegations that false statements
2. were made at some time to a third party are insufficient.  For example, in *Gilbert v. Sykes*, 147
3. Cal. App. 4th 13 (3rd Dist. 2007), allegations that defendant "misstated the content of
4. unspecified communications" between him and plaintiff relating to unspecified procedures that
5. he performed were found to be "a paradigm of vagueness" that did "not even come close to the
6. specificity required to state an actionable libel claim." *Id*. at 31-32.
7.      "In the context of a defamation claim, Fed. R. Civ. P. 8(a) requires that the complaint
8. provide sufficient notice of the communications complained of to allow [the defendant] to
9. defend itself." *McGeorge v. Continental Airlines*, 871 F.2d 952, 955 (10th Cir. 1989).
10.      Before a corporation is held liable for defamation, the plaintiff must identify the actual
11. persons who made the statement.  *Brown v. Allstate Ins. Co*., 17 F. Supp. 2d 1134, 1139 (S.D.
12. Cal. 1998) (District Court granted Rule 12(b)(6) motion where the plaintiff failed to identify
13. speakers.)
14.      Moreover, the statement must be capable of being proven false.  There can be no
15. recovery for defamation without a falsehood. *Seelig v. Infinity Broadcasting Corp*., 97 Cal. App.
16. 4th 798, 809 (1st Dist. 2002).  In Plaintiff's complaint, he alleges he was terminated, a true
17. statement. (Exhibit A ¶68, 69)
18.      Plaintiff's Complaint fails to meet the pleading standard for defamation, and must be
19. dismissed. Plaintiff's Complaint fails to plead whether Defendants' alleged defamatory
20. statements were oral or written, precluding a determination of whether the libel standard applies.
21. Plaintiff alleges that, on information and belief, sometime in April and May of 2014, Hartman
22. and Abrams (and five other John Does) wrote or stated to unnamed "personnel" at Caldwell
23. Partners that "Plaintiff had been fired from DHR for stealing confidential information and/or
24. breaching his fiduciary duty or duty of loyalty." (Exhibit A ¶97). Plaintiff does not specify
25. whether the alleged statements were libel or slander, as he alleges the statements were "wrote or
26. stated." (Exhibit A ¶97). Plaintiff does not specify to whom the statements were made or which
27. person said which words. Plaintiff does not specify what was said, providing only vague
28. allegations of comments concerning Plaintiff being fired for one or more reasons: stealing

-7-

1  confidential information "and/or" breaching one of two duties. (Exhibit A ¶97). Plaintiff does not
2  specify when the alleged written or oral statements were made, giving only a vague two month
3  timeframe. Pleadings regarding "unspecified communications" amount to a "paradigm of
4  vagueness" that is insufficient to plead defamation with the specificity required by California
5  law. *Gilbert, supra* at 31-32.

6  Plaintiff's failure to provide the requisite specificity concerning the alleged defamatory
7  statements by Hartman and Abrams does not meet the pleading standards for defamation.
8  Hartman and Abrams' motion to dismiss as to Cause of Action One should be granted.

### C. **Plaintiff's Failure to Plead Defamation Is Fatal to His Other Claims Against Hartman and Abrams.**

11  As Plaintiff's allegations fail to sufficiently plead his case for defamation, the other
12  related causes of action pled against Hartman and Abrams must also necessarily fail, as the
13  factual basis for the pleadings is insufficient as a matter of law.  The Court in *Vogel, supra* struck
14  causes of action based on and related to an insufficiently pled libel cause of action, as the related
15  causes of action were based on the allegedly libelous falsehoods:

> Nor does plaintiffs' failure to plead a knowing or reckless falsehood affect only their claims for libel. Rather it constitutes a fatal defect as to all of their claims "hav[ing] as their gravamen the alleged injurious falsehood of a statement." Since plaintiffs' entire case is predicated on such statements, the complaint as a whole, and each cause of action therein, fails to state facts sufficient to constitute a cause of action. *Vogel*, supra 127 Ca1.App.4th at 1018 (citing *Blatty v. New York Times Co*., 42 Ca1.3d 1033, 1045 (1986) and Kahn, 232 Cal.App.3d at 1615).

20  Likewise, in *Gilbert v. Sykes, supra*, the court found plaintiff's claims for intentional and
21  negligent interference with economic advantage and intentional infliction of emotional distress
22  failed because they were based upon plaintiff's deficient claim for defamation.

23  Thus, the collapse of Sykes's defamation claim spells the demise of all other causes of
24  action in the cross-complaint such as intentional and negligent interference with economic
25  advantage and intentional infliction of emotional distress, all of which allegedly arise from the
26  same publications on Gilbert's Web site. (See *Seelig, supra*, 97 Cal.App.4th at p. 812).  As the
27  state Supreme Court observed, "to allow an independent cause of action for the intentional
28  infliction of emotional distress, based on the same acts which would not support a defamation

1 action, would allow plaintiffs to do indirectly what they could not do directly.  It would also
2 render meaningless any defense of truth or privilege." *Id.* At 34

3       As in *Gilbert*, *supra*, Plaintiff also presents causes of action related to the alleged
4 defamation claims against Hartman and Abrams: (2) Tortious Interference With Prospective
5 Economic Advantage; (3) Negligent Interference With Prospective Economic Relations; and
6 (7) Intentional Infliction of Emotional Distress.  Each of the three additional causes of action rely
7 on the alleged false statements of Hartman and Abrams. (¶109, 120, 121, 143).  Plaintiff states a
8 fourth cause of action against Hartman: (17) Unlawful and Unfair Business Practices, which also
9 relies on the alleged false statements of Hartman. (¶196, 197).  Plaintiff's failure to provide the
10 requisite specificity concerning the alleged defamatory statements by Hartman and Abrams
11 renders the defamation allegations insufficient to support the related claims for Tortious
12 Interference With Prospective Economic Advantage, Negligent Interference With Prospective
13 Economic Relations, Intentional Infliction of Emotional Distress, and Unlawful and Unfair
14 Business Practices, which all have as their gravamen the defective and insufficient allegations
15 from Cause of Action One. Therefore, Hartman and Abrams' motion to dismiss as to Causes of
16 Action Two, Three, Seven, and Seventeen should be granted without leave to amend.

17
       **1.**      **<u>Plaintiff's Cause of Action for Intentional Infliction of Emotional Distress Contains Boilerplate Conclusory Allegations</u>**
18

19       Though there is no doubt that the survival of Plaintiff's cause of action for intentional
20 infliction of emotional distress depends upon sufficient pleading of defamation, a plaintiff
21 asserting a claim for intentional infliction of emotional distress must plead specific facts
22 demonstrating that she has in fact sustained emotional distress. *Michaelin v. State Comp. Ins.*
23 *Fund* (1996) 50 Cal. App. 4th 1093, 1114 (5th Dist. 1996).  In *Michaelin*, the plaintiff sued his
24 employer's insurer for withdrawing its defense of an underlying employment lawsuit against the
25 plaintiff.  The plaintiff filed suit, for among other things, intentional infliction of emotional
26 distress.  The Court held that "[a]lthough the amended complaint alleges Michaelian sustained
27 injury to his health, strength, and emotional condition, it failed to adequately allege a cause of
28 action for intentional infliction of emotional distress." *Michaelin*, *supra*, 50 Cal. App. 4th at

1113-14. A plaintiff must allege the "nature, extent or duration of her alleged emotional distress." *Angie M. v. Superior Court* (1995) 37 Cal. App. 4th 1217, 1227.

Plaintiff has alleged in the most boilerplate fashion that he has suffered "loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort." (Complaint, ¶146) These allegations do not identify the nature, extent or duration of the alleged mental distress, including a description of what conditions that Plaintiff suffered from. Aside from the fact that Plaintiff must adequately plead defamation to support this claim, he fails to satisfy the basic requirements of identifying the distress he suffered.

## V.

## **CONCLUSION**

Based upon the foregoing, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss with prejudice as prayed. As set forth above, Plaintiffs cannot amend as a matter of law, and therefore, a dismissal with prejudice is warranted.

Dated: August 1, 2014              Respectfully submitted,

                                   GORDON & REES LLP


                                   By:   /s/ Joan C. Woodard
                                         JOAN C. WOODARD
                                         Attorney for Defendants
                                         DHR INTERNATIONAL, INC., CAROL
                                         HARTMAN, CHRISTINE ABRAMS,
                                         GEOFFREY HOFFMANN and
                                         DOUGLAS BLACK