```
ROGER M. MANSUKHANI (SBN: 164463)
JOAN C. WOODARD (SBN: 129710)
ELIZABETH A. O'BRIEN (SBN: 131964)
GORDON & REES LLP
655 University Avenue, Suite 200
Sacramento, CA 95825
Telephone: (916) 565-2900
Facsimile: (916) 920-4402
gacero@gordonrees.com
```

Attorneys for Defendants
DHR INTERNATIONAL, INC., CAROL HARTMAN, CHRISTINE ABRAMS, GEOFFREY HOFFMANN (Erroneously sued as GEOFFREY HOFFMAN) and DOUGLAS BLACK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ADAM CHARLSON, an individual<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>DHR INTERNATIONAL, INC., a Delaware Corporation; CAROL HARTMAN, an individual; CHRISTINE ABRAMS, an individual; GEOFFREY HOFFMAN, an individual; DOUGLAS BLACK, an individual; and DOES 1-50, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. C14-03041-PJH<br><br>Related to case No. C14-01899 PJH<br><br>**DEFENDANTS CAROL HARTMAN AND CHRISTINE ABRAMS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Judge: Honorable Phyllis J. Hamilton<br>Date:　September 17, 2014<br>Time:　9:00 a.m.<br>Location: Courtroom 3, 3rd Floor<br>　　　　　1301 Clay Street<br>　　　　　Oakland, California |

## I.

## INTRODUCTION

Plaintiff opposes Hartman and Abrams' ("Defendants") motion to dismiss on two grounds: One, that he has met the pleading standard for defamation, as well as the other causes of action he alleges against Defendants which rely upon the defamation allegations; and two, that because there is a short one sentence allegation in causes of action numbers two and three (Complaint ¶¶109, 121) that Defendants violated his right to privacy, all other causes of action

-1-

against Defendants survive.

Plaintiff fails to plead the essential factual allegations, and shows, through his declaration in support of remand, that he bases those allegations on suspicion and supposition. The additional information supplied in Plaintiff's declaration adds nothing to his complaint, and confirms that even if this court was to grant him leave to amend, he has no further factual information to allege.

Try as he might, Plaintiff cannot bootstrap an allegation of a violation of his right to privacy to insulate the additional causes of action, specifically causes of action 2, 3, 7 and 17, from the deficiencies in his defamation claim. It is clear from the complaint that Plaintiff relies upon the alleged suspicion of statements of Defendants as the basis for his violation of privacy allegations.

## II.

### A.  Plaintiff Fails to State a Cause of Action Against Hartman and Abrams, and the Failure is Obvious According to California's Laws Regarding Defamation

A complaint is sufficient if it gives the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly* (2007) 550 US 544, 555. While federal pleadings are more liberal than state pleadings, the standard applies to factual allegations. "The presumption of truth does not apply to conclusory allegations, legal assertions or mere restatements of elements of the claim." *Ashcroft v. Eqbal* (2009) 556 US 662, 680-681. It is not enough to simply allege that a wrong has been committed and demand relief. Without some factual allegation in the complaint, a claimant cannot satisfy the standard set forth in *Twombly*. *Twombly, supra* 550 US at 556.

While a cause of action for defamation is not one of the specified claims under Rule 9 of the Federal Rules of Civil Procedure entitling it to heightened pleading requirements, federal courts view the cause of action with disfavor and require a plaintiff to provide enough information to a defendant to properly defend itself. *Bushnell Corp. v. ITT Corp.*, 973 F.Supp. 1276 (Kansas 1997).

-2-

Defendants Carol Hartman and Christine Abrams' Reply to Plaintiff's Opposition to Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6)
4:14-CV-03041-PJH

*Bushnell* involved a defamation action where the pleading requirements under Kansas law were similar to California's. (Kansas law requires that a defamation complaint "set forth the alleged defamatory words spoken or published, the names of those persons to whom they were spoken or published and the time and place of their publication." *Schulze v. Coykendall*, 218 Kan. 653, 657, 545 P.2d 392 (1976)).

There, plaintiff alleged "ITT and its agents have intentionally published false and defamatory statements regarding Bushnell to third parties for the express purpose of injuring Bushnell's reputation and goodwill in the marketplace." He further alleged:

> ITT, its distributors and employees have published various false and defamatory statements regarding Bushnell to Bushnell's customers and the industry in general for the purpose of injuring Bushnell in its business. These false and defamatory statements have included statements that Bushnell used rejected components in its night vision products, that Bushnell was not able to provide current-technology night vision products, and that Bushnell had no continuing rights under the Agreement.

Acknowledging that Rule 8(a) of the Federal Rules of Civil Procedure is the standard for judging the sufficiency of a complaint alleging defamation, the court found plaintiff's allegations were insufficient to state a claim for defamation. "In the context of a defamation claim, Fed. R. Civ. Proc. 8(a) requires that the complaint provide sufficient notice of the communications complained of to allow [the defendant] to defend itself." (citing *McGeorge*, 871 F.2d at 955) It reasoned:

> "There is a significant exception to the general rule of liberally construing a complaint in applying rule 12(b)(6): when the complaint attempts to state a "traditionally disfavored" cause of action, such as defamation, courts have construed the complaint by a stricter standard. (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357,( 2d ed. 1990))

Here, Plaintiff's declaration states no additional facts, nor does it provide any hope that Plaintiff will be able to allege facts sufficient to constitute a cause of action for defamation, and the other causes of action which depend upon the sufficiency of those allegations. One thing Plaintiff's declaration does do, however, is confirm Plaintiff's allegations are grounded in suspicion and supposition rather than fact. Plaintiff states:

> 3. At the time of my termination, Caldwell Partners and DHR were both in the same building, 1 Post Street, in downtown San Francisco. After she (sic) departed

-3-

> from Caldwell Partners, Hartman and Abrams continued to retain personal relationships with persons from DHR. I know this because they told me that they continued to go to lunch with persons from Caldwell Partners. At various times, the former colleagues from Caldwell Partners would come by to say hello.
>
> 4. During my time at Caldwell Partners, I was not aware of anyone that had relationships with persons at DHR. After I switched my employment from Caldwell to DHR, I did not know of anyone other than myself, Hartman and Abrams that maintained any relationship with persons from Caldwell Partners.
>
> 5. Ms. Hartman and I had a difficult working relationship at DHR. I am informed and believe and thereon allege that Hartman aspired to take my former position of head of West Coast operations.
>
> 6. I learned shortly after my termination, when my secretary (who was also fired when I was fired) went to pick up her personal effects, was that the office gossip was that I had been terminated for stealing. She told me this immediately after she left the office, and I expect to confirm this during discovery.

In contrast to the vacant conclusions Plaintiff submits, Defendants submit definitive evidence in support of their opposition to Plaintiff's motion to remand that Plaintiff will never be able to state sufficient facts in support of his cause of action for defamation against Hartman and Abrams, or the other causes of action he alleges against them.

Hartman's declaration states she has reviewed Plaintiff's complaint, and that

> 7. I have made no statements, in writing or orally, to any personnel at Caldwell Partners concerning Adam Charlson and "stealing of confidential information and/or breaching his fiduciary duty of loyalty" resulting in his termination, in April and May of 2014 as he has claimed in the complaint.
>
> 8. I had no knowledge or information about Adam Charlson interviewing at Caldwell Partners as is stated in the complaint. Nor should I have anticipated that Adam would seek to re-join Caldwell Partners. Regardless of his perception of his exit from the firm, Caldwell Partners, under the leadership of John Wallace, CEO, has never rehired a partner. I have never had a conversation with anyone about Adam joining Caldwell Partners after he was terminated from DHR International.
>
> 9. I believe it is widely known and common knowledge that I have no relationship with John Wallace, CEO of Caldwell Partners and that my ability to influence any decision John is making is zero.
>
> 10. I believed that Adam Charlson would immediately become employed by Heidrick & Struggles after being terminated by DHR International. He stated to me on at least 4 occasions that he had interviewed with the new CEO of that firm and was offered the opportunity to build the West Coast office. Further, Adam

-4-

Defendants Carol Hartman and Christine Abrams' Reply to Plaintiff's Opposition to Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6)
4:14-CV-03041-PJH

declared to me that he had informed the DHR CEO, Geoff Hoffmann, that the West Coast people he recruited were "more his people, than Geoff's people."

11. I have made no statements, in writing or orally, at any time to any personnel at Caldwell Partners that Adam Charlson stole information or confidential information or breach his fiduciary duty or breached his duty of loyalty. (The Declaration of Carol Hartman is attached to the Declaration of Joan C. Woodard in Support as Exhibit A and is also found at #1-8 of the Court's docket.)

Likewise, Abrams' declaration states she has reviewed Plaintiff's complaint, and

7. I have made no statement, in writing or orally, to any personnel at Caldwell Partners concerning Adam Charlson in April and May of 2014.

8. More specifically, I have made no statements, in writing or orally, at any time to any personnel at Caldwell Partners concerning Adam Charlson being fired from DHR or the reasons for him being fired.

9. I have made no statements, in writing or orally, at any time to any personnel at Caldwell Partners that Adam Charlson stole confidential information or breach his fiduciary duty or breached his duty of loyalty. (The Declaration of Christine Abrams is attached to the Declaration of Joan C. Woodard in Support as Exhibit B and is also found at #1-6 of the Court's Docket)

The above allegations and declarations indicate that Plaintiff will never be able to allege sufficient facts to state a cause of action against Defendants for defamation, as well as the other causes of action which rely on the defamation allegations. The fact that Defendants used to work for Caldwell Partners, that DHR and Caldwell Partners were located in the same building, that Plaintiff believes Hartman and Abrams were the only two persons at DHR who knew people at Caldwell Partners, that he and Hartman did not have a good working relationship, and that he heard there was office gossip about him being fired for stealing does not equate with Hartman and/or Abrams making defamatory statements about him.

If there was any doubt concerning the sufficiency of Plaintiff's claims, it is put to rest based upon Defendants' declarations that they did not speak with anyone at Caldwell Partners concerning Plaintiff's termination. Again, the Complaint, along with Plaintiff's declaration show he will never be able to allege sufficient facts to state a claim against Defendants, and as such Plaintiff's complaint against Hartman and Abrams must be dismissed.

/ / /

-5-

Defendants Carol Hartman and Christine Abrams' Reply to Plaintiff's Opposition to Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6)
4:14-CV-03041-PJH

B. **Plaintiff's Allegation that Defendants Violated His Right to Privacy Does Not Salvage Plaintiff's Other Causes of Action Against Defendants Since Those Causes of Action Depend on the Viability of the Defamation Allegations.**

In his second cause of action for tortious interference with prospective economic advantage, Plaintiff alleges:

> Defendants DHR, Carol Hartman, Christine Abrams, and Does 1-5 disclosed to Caldwell personnel that Plaintiff's employment had been terminated and that the termination was because plaintiff "stole information" from DHR, both violating plaintiff's right to privacy and defaming him. (Complaint ¶109)

Similarly, in his third cause of action for negligent interference with prospective economic relations, Plaintiff alleges:

> Defendants DHR and CAROL HARTMAN disclosed to Caldwell personnel that Plaintiff's employment had been terminated and that the termination was because Plaintiff "stole information" from DHR, both violating Plaintiff's right to privacy and defaming him. (Complaint ¶121)

Plaintiff's causes of action 7 and 17 for intentional infliction of emotional distress and for violation of Business and Professions Code section 17200, respectively, do not contain this type of allegation though all allegations are incorporated throughout the Complaint.

Other than a one sentence conclusory allegation that there was a violation of Plaintiff's privacy, Plaintiff fails to allege a proper cause of action and likewise, offers no legal authority to support his argument that this somehow salvages the additional causes of action. In fact, his argument is circular inasmuch as he relies upon the alleged suspicion of statements he attributes to Hartman and Abrams as the basis for the violation of privacy.

*Vogel v. Felice*, 127 Cal.App.4th 1006 (6th Dist. 2005) and *Gilbert v. Sykes*, 147 Cal. App. 4th 13 (3rd Dist. 2007), cited both Plaintiff and Defendants make clear that when a cause of action relies upon the allegations of a defective pled cause of action, it can not survive. *Vogel, supra* at 1018; *Gilbert, supra* at 34.

C. **Plaintiff's Cause of Action for Intentional Infliction of Emotional Distress Cannot Survive Since Plaintiff Cannot Allege a Cause of Action for Defamation, the Conduct Upon Which the Cause of Action for Intentional Infliction of Emotional Distress is Based**

The law is clear that if a plaintiff cannot allege conduct on which a cause of action for intentional infliction of emotional distress is based, the cause of action cannot survive.

As the state Supreme Court observed, 'to allow an independent cause of action for the intentional infliction of emotional distress, based on the same acts which would not support a defamation action, would allow plaintiffs to do indirectly what they could not do directly. It would also render meaningless any defense of truth or privilege' (*Fellows v. National Enquirer, Inc.* (1986) 42 Cal.3d 234, 245), quoting *Flynn v. Higham* (1983) 149 Cal.App.3d 677, 682) *Gilbert v. Sykes* 147 Cal.App.4th at 34).

Without the proper allegations for a defamation cause of action, Plaintiff's cause of action for intentional infliction of emotional distress fails.

## III.

## CONCLUSION

Plaintiff does not and cannot state sufficient facts to constitute a cause of action for defamation against Hartman and Abrams. In fact, Plaintiff's declaration reveals he has no more information than he provided in his complaint, and actually confirms any allegations are premised on suspicion and conjecture. As such, Plaintiff's complaint against Hartman and Abrams must be dismissed without leave to amend.

Dated: August 21, 2014          Respectfully submitted,

                                GORDON & REES LLP


                                By:  /s/ Joan C. Woodard
                                     JOAN C. WOODARD
                                     Attorney for Defendants
                                     DHR INTERNATIONAL, INC., CAROL
                                     HARTMAN, CHRISTINE ABRAMS,
                                     GEOFFREY HOFFMANN and
                                     DOUGLAS BLACK