UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADAM CHARLSON,

    Plaintiff,

    v.

DHR INTERNATIONAL INC., et al.,

    Defendants.

No. C 14-3041 PJH

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO FOURTH AFFIRMATIVE DEFENSE**

    The motion of plaintiff Adam Charlson for judgment on the pleadings on the fourth affirmative defense came on for hearing before this court on February 18, 2015. Plaintiff appeared by his counsel Christopher LeClerc, and defendants appeared by their counsel Elizabeth O'Brien. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion as follows.

    A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings." Schwarzer et al, Federal Civil Procedure Before Trial ¶ 9:316 (2014). The legal standards governing Rules 12(c) and 12(b)(6) are "functionally identical," Calfasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011), as both permit challenges directed at the legal sufficiency of the parties' allegations. Thus, a judgment on the pleadings is appropriate when the pleaded facts, accepted as true and viewed in the light most favorable to the non-moving party, entitle the moving party to a judgment as a matter of law. Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1301 (9th Cir. 1992); see also Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

    Plaintiff seeks judgment on the pleadings as to the fourth affirmative defense, in

which defendants allege that to the extent that California law applies to the Employment Agreement between plaintiff and defendant DHR International, Inc. ("DHR"), "some or all of the California laws or regulations on which [p]laintiff relies do not apply to [p]laintiff," because "[p]laintiff was an executive, administrative and/or managerial employee for DHR[;]" or because "[p]laintiff's earnings exceeded one and one-half times the minimum wage and more than half his compensation represents commissions[;]" or because "[p]laintiff regularly exercised discretion and independent judgment in performing his duties for DHR[;]" or because "[p]laintiff is exempt under the laws or regulations."

The gist of plaintiff's argument in the present motion appears to be that because the Employment Agreement provides that he is "not paid on a salary basis" and that "[a] recoverable draw of $20,833.33 [is] payable" once a month, and further includes provisions regarding the payment of "bonuses," the court should find as a matter of law that plaintiff was not an exempt employee under the California Labor Code for purposes of paying overtime compensation.

In line with the discussion at the hearing, the court finds that at this stage of the litigation, triable issues preclude any finding as a matter of law regarding plaintiff's status as exempt or non-exempt, or regarding any related issue raised in the fourth affirmative defense.

**IT IS SO ORDERED.**

Dated:  February 18, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge

2